Sutliff, J.
It is objected to the charge of the court below, in. regard to the letter, that the court held that it created a liability on the part of Garret Dorland, the writer of it, to Budolph Mulhollan, when the letter was only addressed to John H. Dorland. It is-urged by counsel, that the letter must be regarded as a special lettei*' of credit addressed only to John H. Dorland, and that it could create no undertaking or liability to any other person. Others attempting to acquire any rights under the letter, it is said, would be mere volunteers, and could not impose any liability upon the writer of the letter, to pay them for any advances made to the party to whom the special letter of credit was so addressed.
*If, indeed, the letter were a special letter of credit, addressed only to John H. Dorland, the argument would be pertinent to the case, but it is difficult to perceive how the letter can .properly be termed such. It is true, the letter is said to be addressed to-John H. Dorland and family; and the clause material in this ease is apparently addressed to. John H. Dorland. But that clause is-not, in its terms, a letter of credit to him. At most, it can only be regarded to him as an authority. This is the language: “Now, John, if you can get that draft of Hugh Mulhollan till the first day of September, I will be responsible for the money; and Fry will come that way and pay them in gold. If they let you have it, they may depend on it for sure.” It is not said therein, “I will be responsible to you, John;” or, “I will pay you, John, the money;" but the language is: “If you can get the draft of Hugh Mulhollantill the first day of .September, I will be responsible for the money.” And if there were any ambiguity as to the party to whom the *158 writer thereby undertook to be responsible, that ambiguity is removed by what immediately follows. After the words, “I will be -responsible for the money,” the writer adds, “ and Fry will come that way and pay them in gold.” The amount of this undertaking is, that if Hugh Mulhollan or the Mulhollans will consent to sell the draft on a credit till the first of September, the writer promises that he will be responsible to pay them the money, and that Fry : shall go that way and pay them in gold; and if they should accede to the proposition, authorizing its delivery to John H. Dorland, as his agent, thus: “If they let you have it, they may depend on it (the pay) for sure.” This can in no sense be regarded as a special letter of credit to John H. Dorland, for, however the letter may have heen addressed, this proposed undertaking, contained in the ¡letter, is an undertaking only to the owner or owners of the draft. In no possible contingency could a right of action have accrued thereon to John H. upon the price *of the draft becoming -due and remaining unpaid after the first of September. The only undertaking to John H. was, as has already been remarked, to be •responsible for his act of purchase as the agent of the writer. It .authorized John H. to make a contract’of purchase of the draft in the name and on behalf of the writer, and to receive the draft for him of the Mulhollans. It is, however, immaterial whether the letter be regarded as a power of attorney, showing the authority of John H. to act as the agent of Garret Dorland in the purchase of •the draft, or as a direct undertaking to Mulhollan to pay for the ■draft on the first of September. In either case, the proof is that the money was advanced or the draft delivered on the faith of the letter, and notice of the fact given; which shows a right of action ■■against the writer of the letter, Garret Dorland.
Nor do we think the fact of Hugh Mulhollan being named in the letter, in the place of Budolph, constitutes any objection to a re•■covery. The language is, “ if you can get that draft of Hugh Mulhollan;” but in relation to paying for the same, it continues, “I will be responsible for the money, and Fry will come that way and pay them in gold.. If they let you have it, they may depend on it for sure.” A reasonable construction of this language, we think, would be an authority to purchase of either or both; and the undertaking is to pay accordingly to the owner, whether both or either.
*159 We perceive no error in the record, and the judgment of the district court must therefore be affirmed.
Brinkbrhoee, C. J., and Scott, Peck, and Gholson, JJ, concurred.